SUSAN J. WILLIAMS (SBN 82976)
HENNELLY & GROSSFELD LLP
10900 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Telephone: (310) 305-2100
Facsimile: (310) 305-2116
swilliams@hgla.com

Attorney for Defendant
BRUCE BERMAN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

RANDY QUAID, et al.

Plaintiffs,

vs.

CRAIG GRANET, et al.

Defendants.

**CASE NO. 2:23-cv-06850-MRA-JPR**

**NOTICE OF MOTION AND MOTION OF DEFENDANT BRUCE BERMAN TO DISMISS PLAINTIFFS' COMPLAINT DUE TO LACK OF PERSONAL JURISDICTION [F.R.C.P. 12(b)(2)], DEFECTS IN PROCESS [F.R.C.P. 12(b)(4)] AND DEFECTS IN PURPORTED SERVICE OF PROCESS [F.R.C.P. 12(b)(5)]**

**DATE: August 1, 2024**
**TIME: 1:30 p.m.**
**JUDGE: Hon. Mónica Ramírez Almadani**
**COURTROOM: 10B**

**[Accompanied by Declaration of Bruce Berman; Declaration of Susan J. Williams; and [Proposed] Order]**

Action Filed: August 18, 2023
Trial Date: Not Set

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 1, 2024 at 1:30 p.m. or as soon thereafter as the matter may be heard before the Honorable Mónica Ramírez Almadani, in Courtroom 10B of the above-entitled Court located at 350 W. First Street, Los Angeles California 90012, defendant Bruce Berman ("Berman") will move the Court for an order dismissing the complaint as to Berman on the grounds of lack of personal jurisdiction [F.R.C.P. 12(b)(2)], insufficiency of process [F.R.C.P. 12(b)(4)], and insufficiency of service of process [F.R.C.P. 12(b)(5).]

The parties conducted a telephonic, real-time conference of counsel and discussed the issues raised by this motion and the parties' positions pursuant to Local Rule 7-3 on April 8 and April 10, 2024 as detailed in the accompanying Declaration of Susan J. Williams.

This motion is and will be based on this notice of motion and motion; the accompanying memorandum of points and authorities, Declaration of Bruce Berman and Declaration of Susan J. Williams; the pleadings and records on file in this action; and such additional matter as the Court may consider.

DATED: April 15, 2024

HENNELLY & GROSSFELD LLP

By: ______________________

Susan J. Williams
Attorney for Defendant
Bruce Berman

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTORY STATEMENT OF ISSUES TO BE DECIDED AND RELEVANT FACTS.

Plaintiffs filed their complaint in this action eight months ago, on August 18, 2023. The time limit for service expired 90 days later. Fed. R. Civ. P. Rule 4(m). On March 22, this Court issued an order requiring plaintiffs to show cause in writing, by no later than March 28, 2024, as to why this action should not be dismissed for lack of prosecution as to all defendants.

Defendant Bruce Berman is domiciled in Massachusetts. (Berman Decl., para 2.) On March 28, 2024, Mr. Berman was at home in Massachusetts when he was handed an envelope containing a document entitled “summons in a civil action” that was neither signed nor sealed by the Court. (Berman Decl., para. 3; Exh. “A”.) That document was not accompanied by a copy of a complaint and was the only document delivered to Mr. Berman. (Berman Decl., para. 4.) On April 3, 2024, plaintiffs filed with the Court a “Supplemental Response to Order to Show Cause for Lack of Prosecution” that included, as Exhibit “B”, a “proof of service” stating that a “summons in a civil action” was personally delivered to Mr. Berman in Massachusetts on March 28, 2024.

The issues to be decided by this motion are, as shown below, that this action should be dismissed because the delivery of that unsigned, unsealed “summons” unaccompanied by a complaint to a Massachusetts resident was: (1) insufficient process; (2) insufficient service of process, under multiple provisions of Rule 4 of the Federal Rules of Civil Procedure; and (3) failed to confer personal jurisdiction over Mr. Berman.

Accordingly, if the Court has not already dismissed this action pursuant to its March 22, 2024 order to show cause, Mr. Berman requests the Court to dismiss it as to

him based on insufficient process, insufficient service of process, and lack of personal jurisdiction

## II. <u>THE COMPLAINT SHOULD BE DISMISSED AS TO MR. BERMAN FOR INSUFFICIENT PROCESS.</u>

A summons "*must*… be signed by the clerk; and… bear the court's seal." Fed. R. Civ. P. 4(a)(1)(F), (G). "Upon or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is in proper form, the clerk shall sign, seal and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b).

Plaintiffs have not complied with these requirements. The "summons" delivered to Mr. Berman was not issued by the Court, was not signed by the Court's clerk, and did not bear the Court's seal. (Berman Decl., para. 3, Exh. "A".)

Under Federal Rule of Civil Procedure 4(b), "only the clerk may issue the summons…[A] summons issued by the plaintiff's attorney is a nullity." *Ayres v. Jacobs* & *Crumplar, P.A.* (3d Cir. 1996) 99 F.3d 565, 569 marks omitted; affirming dismissal where clerk had not been requested to issue or had issued a summons and plaintiff instead served summons lacking court's signature or seal.) Plaintiffs' delivery of an unsigned, unsealed "summons" is insufficient process and grounds for dismissal under Federal Rule of Civil Procedure 12(b)(4). *Cloyd v. Arthur Anderson & Co.* (D. Utah 1993) 151 F.R.D. 407, 409; *U.S. v. National Muffler Manufacturing, Inc.* (N.D. Ohio 1989) 125 F.R.D. 453, 455; *Macaluso v. New York State Dept. of Environmental Conservation* (E.D.N.Y. 1986) 115 F.R.D. 16, 17-18; *Ballon v. Law Offices of Robin W. Enos* (S.D. Cal., December 12, 2006) 2006 WL 8455278 at *3.

## III. THE COMPLAINT SHOULD BE DISMISSED AS TO MR. BERMAN FOR INSUFFICIENT SERVICE OF PROCESS.

Federal Rule of Civil Procedure 4(c)(1) mandates that "[a] summons must be served with a copy of the complaint" and provides that a plaintiff "is responsible for having the summons and complaint served within the time provided by Rule 4(m) and must furnish the necessary copies to the person who makes the service." Fed. R. Civ. P. 4(c)(1).

Plaintiffs have not met these requirements. The unsigned, unsealed "summons" delivered to Mr. Berman was not accompanied by a copy of the complaint. (Berman Decl., para. 4.) Mr. Berman not served within the time limits set by Federal Rule of Civil Procedure 4(m) (and plaintiffs have offered no explanation, much less good cause, for failing to do so.)

Further, Federal Rule of Civil Procedure 4(k) establishes the territorial limits of effective service. Fed. R. Civ. Proc. 4(k). Mr. Berman, domiciled in Massachusetts, is not within those limits. He is neither "subject to the jurisdiction of a court of general jurisdiction" in California, where this Court is located, nor "a party joined under Rule 14 or 19…not more than 100 miles from where the summons was issued" (even had the "summons" been issued, as it was not), nor subject to jurisdiction authorized by federal statute. *Id.*

Accordingly, this action should be dismissed as against Mr. Berman for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). See, 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* sec. 1353 (3d ed.2022) (Rule 12(b)(5) is the "proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.")

## IV. THE COMPLAINT SHOULD BE DISMISSED AS TO MR. BERMAN FOR LACK OF PERSONAL JURISDICTION.

As shown, Mr. Berman was not served with a properly issued summons and complaint within 90 days, or at all, and is outside the territorial limits of effective service. Accordingly, this action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over Mr. Berman. See, *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.* (1987) 484 U.S. 97, 108 S. Ct. 404, 98 L.Ed.2d 415; *Ayres v. Jacobs & Crumplar, P.A.* (3d Cir. 1996) 99 F.3d 565, 568-69 (affirming dismissal based on failure to serve summons and complaint within time required by Rule 4, Federal Rules of Civil Procedure, and attempt to do so using summons neither issued, signed nor sealed by Court; holding "that a summons not issued and signed by the Clerk with the seal of the court affixed thereto fails to confer personal jurisdiction over a defendant even if properly served.)

## V. CONCLUSION

For all of the foregoing reasons, Mr. Berman respectfully requests the Court to dismiss the complaint as to Mr. Berman.

DATED: April 15, 2024

Respectfully Submitted,

**HENNELLY & GROSSFELD LLP**

By:________________________
Susan J. Williams
Attorney for Defendant
Bruce Berman

**CERTIFICATE OF WORD COUNT**

The undersigned, counsel of record for defendant Bruce Berman, certifies that this brief contains 1271 words, which complies with the word limit of Local Rule 11-6.1 of the Local Rules of this Court.

By: ______________________
Susan J. Williams

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 10900 Wilshire Blvd., Suite 400, Los Angeles, California, 90024. On April 15, 2024, I served the following document(s):

**NOTICE OF MOTION AND MOTION OF DEFENDANT BRUCE BERMAN TO DISMISS PLAINTIFFS' COMPLAINT DUE TO LACK OF PERSONAL JURISDICTION [F.R.C.P. 12(b)(2)], DEFECTS IN PROCESS [F.R.C.P. 12(B)(4)] AND DEFECTS IN PURPORTED SERVICE OF PROCESS [F.R.C.P. 12(b)(5)]**

on the interested parties in this action as indicated below:

| | |
|---|---|
| John M. Pierce<br>JOHN PIERCE LAW<br>21550 Oxnard St., 3rd Floor<br>PMB #172<br>Woodland Hills, CA 91367<br>Telephone: (310) 441-0500<br>Email: jpierce@johnpiercelaw.com | Attorney for Plaintiffs Randy Quaid and Evgenia Quaid |

**(X)** **(By E-Mail)** I caused the above-referenced document(s) to be transmitted from my e-mail address phoughton@hgla.com to the interested parties at the appropriate e-mail addresses as listed above. I did not receive, with a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( ) (By Mail) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above or on the attached service list and deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid. I am an employee in the county where the mailing occurred. The envelope or package was placed in the mail at Marina del Rey, California.

**(X)** **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 15, 2024, at Los Angeles, California.

*/s/ Patrick Houghton*
Patrick Houghton