JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY QUAID, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CRAIG GRANET, et al.,<br><br>　　　　　　Defendants. | Case No. 2:23-cv-06850-MRA-JPR<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 4(M) AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS [ECF 25, 27]** |

　　　　Plaintiffs Randy Quaid and Evgenia Quaid commenced this action *pro se* by filing a complaint on August 18, 2023. (ECF 1). Plaintiffs name Craig Granet, Tony Davis, Reggie Serrano, James Hepsworth, R Scott Turicchi, Lannette Turicchi, Bruce Berman, Susan Williams, Fidelity National Title, Insurance Company, and Santa Barbara County as Defendants. *Id.* Plaintiffs allege that Defendants took part in a racketeering conspiracy to misuse a police database for the purpose of gaining an advantage in a civil case. *Id.* Plaintiffs bring a single claim under California Penal Code Section 11142, which makes it a criminal—not civil—offense under state law for an official to share records or information with an unauthorized person. *Id.* Plaintiffs subsequently retained an attorney, Mr. John Mark Pierce, who entered an appearance on August 29, 2023. (ECF 8).

On March 22, 2024, this Court issued an Order to Show Cause requiring Plaintiffs to show why this action should not be dismissed for lack of prosecution. (ECF 12). Counsel for Plaintiffs filed an initial response to the Court's Order on March 28, 2024, and a supplemental response on April 4, 2024. (ECF 13, 14). Plaintiffs subsequently filed requests for the Clerk to issue summonses. (ECF 15-24).

For the reasons stated herein, the Court *sua sponte* ORDERS this action dismissed without prejudice. Plaintiffs failed to effectuate timely service under Federal Rule of Civil Procedure 4(m). Accordingly, Defendant Bruce Berman's recently filed motion to dismiss for insufficient process, insufficient service of process, and lack of personal jurisdiction (ECF 25), and Defendants Berman R Scott Turicchi, Lannette Turicchi, and Craig Granet's motion to dismiss on related grounds (ECF 27) are denied as moot.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 4(m) provides the time limit for service of a summons and complaint:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). The plaintiff is also responsible for presenting the summons to the clerk for signature and seal. *See* Fed. R. Civ. P 4(b); *see also* L.R. 4-1 (requiring the summons to be prepared using an approved form and presented electronically for issuance by the Clerk).

//
//
//

**DISCUSSION**

**A.     Plaintiffs Failed to Timely Serve Defendants**

A summons has not been issued as to any Defendant in this case.  *See* Civil Docket for Case #2:23-CV-06850-MRA-JPR.  Seeing as Plaintiffs only presented summonses for issuance by the Clerk on April 10, 2024 (ECF 15-24), Plaintiff could not have possibly served any Defendant with a copy of the summons as required by Rule 4(m).

Even if proper summonses had been issued, which they were not, the factual record is clear that Defendants were not served—properly or improperly—within 90 days of the filing of the Complaint.  *See* Fed. R. Civ. P. 4(m).  Plaintiffs concede as much in their initial response to this Court's Order to Show Cause, stating their intention to submit proof of service "as soon as possible," and that "[t]hey have retained the services of a process server that is currently conducting rush service on all defendants." (ECF 13 at 1, ¶ 2).  Moreover, Plaintiffs do not argue that they attempted to serve any Defendants prior to this Court's Order to Show Cause.

That Plaintiffs improperly and untimely served four Defendants on March 28, 2024 (ECF 13 at 1; ECF 14 at 1-2), and untimely attempted service upon two more Defendants on the same date (ECF 13 at 1; ECF 14 at 1), does not alter the fact that Plaintiffs failed to effectuate timely service under Rule 4(m).  It does not appear that Plaintiffs even attempted service upon the remaining five Defendants (Craig Granet, Tony Davis, James Hepsworth, Fidelity National Title, and Insurance Company).

**B.     No Showing of Good Cause or Excusable Neglect Has Been Established**

This Court's Order to Show Cause gave Plaintiffs both notice that the Court was considering dismissal of this action for failure to effect service of process within 90 days *and* the opportunity to show good cause for their failure to timely serve Defendants.  *See* ECF 12 (citing Fed. R. Civ. P 4(m)).  A party may set forth good cause "by establishing, at minimum, excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (citing *Boudette v. Barnette*, 923 F.2d 754, 755-56 (9th Cir. 1991)).

Plaintiffs provide almost no explanation, and certainly no reasonable explanation, for their failure to timely serve Defendants. Neither of Plaintiffs' responses are supported by a declaration from Counsel indicating, for example, when Counsel realized that Defendants had not been served, the exact date upon which Counsel retained process servers to finally serve Defendants, and the reasons Counsel failed to request leave of the Court for an extension of time. Counsel's only explanation is that he is the attorney of record in several criminal cases scheduled for trial in the District of Columbia, and "[d]ue to the significant preparation that these trials entail and a shortage of staff, counsel's resources have been limited." (ECF 13 at 1-2).

The Court does not question that Counsel may be very busy preparing for other trials, but "[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." *Pinero Schroeder v. Fed. Nat'l Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir. 1978) (per curiam). Thus, as a general matter, being busy and having limited resources does not constitute excusable neglect. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 398 (1993) (assigning "little weight to the fact that counsel was experiencing upheaval in his law practice" in excusable neglect inquiry); *Pinero Schroeder*, 574 F.2d at 1118 ("We do not consider the fact that an attorney is busy on other matters to fall within the definition of excusable neglect."); *Selph v. Council of the City of Los Angeles*, 593 F.2d 881, 884 (9th Cir. 1979) ("The term excusable neglect is not meant to cover the usual excuses that the lawyer is too busy, which can be used, perhaps truthfully, in almost every case.") (internal citation and quotations omitted)); *cf. In re Harlow Fay, Inc.*, 993 F.2d 1351, 1352 (8th Cir. 1993) (holding counsel's financial pressures, relocation, and reduction in staff was not excusable neglect). Requesting issuance of summonses, retaining process servers to serve Defendants, and filing proofs of service "does not require much time or deliberation." *See Pinero Schroeder*, 574 F.2d at 1118.

Counsel's excuses are unpersuasive and unjustified. An attorney practicing in federal court must review and abide by the court's applicable rules and deadlines and

-4-

recognize the repercussions inherent in noncompliance. *See Dela Rosa v. Scottsdale Memorial Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1998) (describing such expectations as "not only a mark of elementary professional competence, but [also]. . . common sense to attorneys seeking to zealously represent the interests of their clients"). As the Supreme Court has stated, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396. Unfortunately, Counsel has compounded Plaintiffs' failure to prosecute their case with his inadequate responses to the Court's Order to Show Cause, which are remarkably identical to Counsel's explanation excusing non-compliance with an earlier Court order. (ECF 10).

Although Plaintiffs do not make this argument, the Court points out that even *pro se* litigants, as Plaintiffs briefly were at the commencement of this action, are responsible for reviewing and following the same rules of procedure that govern other litigants. *See* L.R. 83-2.2.3 (requiring any person appearing *pro se* to comply with Local Rules and Federal Rules of Civil Procedure); ECF 7 (Self-Representation Order) at 3 (advising that Plaintiffs as self-represented litigants "will be held to the same standards as lawyers as far as complying with the court procedures and rules and regulations of the court system"). The Local Rules expressly admonish *pro se* litigants that failure to comply with the rules and procedures of the court "may be grounds for dismissal." L.R. 83-2.2.4. In any event, Plaintiffs retained counsel within 11 days of filing their Complaint and, therefore, were represented for the greater part of the Rule 4(m) timeframe.

There is no good cause for Plaintiffs' considerable delay in having the Clerk issue summonses and serving Defendants. Accordingly, the Court finds in its discretion that an extension of time for service is not appropriate.

//
//
//
//
//

# CONCLUSION

For the foregoing reasons, the Court ORDERS this action dismissed <u>without prejudice</u>. Defendants' Motions to Dismiss (ECF 25, 27) are denied as moot. The Court further ORDERS the Clerk to treat this Order, and its entry on the docket, as an entry of judgment. L.R. 58-6.

IT IS SO ORDERED.

Dated: April 23, 2024

_____
HON. MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE